| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: August 25, 2009<br>Hearing Time: 9:30 a.m. |

| | |
|---|---|
| IN RE:<br><br>    CAROLYN WILSON,<br><br>                    Debtor. | **NOTICE OF MOTION**<br><br>Case No.: 09-22020<br>(Chapter 13)<br><br>Assigned to: Hon. Robert D. Drain<br>U.S. Bankruptcy Judge |

PLEASE TAKE NOTICE that America's Servicing Company as servicer for Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc Trust 2006-NC4, a secured creditor of Debtor, by the undersigned attorneys, will move this Court on the 25th day of August, 2009 at 10:00 a.m. or as soon thereafter as counsel can be heard, at the United States Bankruptcy Court, 300 Quarropas Road, White Plains, NY pursuant to Federal Rule of Bankruptcy Procedure 3008, Local Rule of Bankruptcy Procedure for the Southern District of New York 3008-1, 11 U.S.C. 502(j), Federal Rule of Civil Procedure 59(e) as incorporated by Federal Rule of Bankruptcy Procedure 9023, and Local Rule of Bankruptcy Procedure 9023-1, for an order reconsidering the Debtor's Motion objecting to the Secured Creditor's claim and reinstating the Secured Creditor's claim, together with such other and further relief as the Court deems just and equitable.

Dated: July 23, 2009
       Buffalo, New York

                          Yours, etc.
                          STEVEN J. BAUM, P.C.
                          Attorneys for Secured Creditor

                          By: _/s/ Natalie A. Grigg_
                               Natalie A. Grigg, Esq.
                               220 Northpointe Parkway
                               Suite G
                               Amherst, New York 14228
                               (716)204-2400

TO:    CAROLYN WILSON                      Debtor
       7 Alexander Avenue
       Spring Valley, NY 10977

       JOSHUA N. BLEICHMAN, ESQ.           Attorney for Debtor
       268 Route 59 West
       Spring Valley, NY 10037

       JEFFREY L. SAPIR                    Chapter 13 Trustee
       399 Knollwood Road
       Suite 102
       White Plains, NY 10603

       U.S. Trustee                        United States Trustee
       33 Whitehall Street
       21st Floor
       New York, NY 10004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Return Date: August __, 2009
Time: 9:30 am

IN RE:

CAROLYN WILSON,

                Debtor.

**AFFIRMATION IN SUPPORT**
Case No.: 09-22020
(Chapter 13)

STATE OF NEW YORK   )
COUNTY OF ERIE       )

Natalie A. Grigg, Esq., an attorney duly admitted to practice before the United States Bankruptcy Court for the Southern District of New York, states the following under the penalty of perjury:

1. That I am attorney at law duly licensed to practice before this Court and am an associate with the office of Steven J. Baum, P.C., attorneys for secured creditor America's Servicing Company as servicer for Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc Trust 2006-NC4 ("Secured Creditor") of the Debtor Carolyn Wilson (the "Debtor"), and as such am fully familiar with the facts and circumstances of the present case.

2. This motion is made pursuant to Federal Rule of Bankruptcy Procedure 3008, Local Rule of Bankruptcy Procedure for the Southern District of New York 3008-1, 11 U.S.C. 502(j), Federal Rule of Civil Procedure 59(e) as incorporated by Federal Rule of Bankruptcy Procedure 9023, and Local Rule of Bankruptcy Procedure 9023-1 with regard to the Debtors' Objection to Claim of the Secured Creditor.

3. That this Affirmation is made in support of Secured Creditor's motion for reconsideration of the Court's decision that granted Debtor's Motion objecting to the claim made

by the Secured Creditor and that reduced the Secured Creditor's arrearage claim from $117,317.34 to $55,470.30.

## FACTUAL BACKGROUND

4. The Secured Creditor is the holder of a mortgage dated the 27th day of March, 2006 in the original amount of $416,000.00 that is secured by the real property commonly known as 7 Alexander Avenue, Spring Valley, New York 10977.

5. On or about the 25th day of February, 2009, the Debtor, through her attorney Joshua N. Bleichman, Esq. filed a motion objecting to the claim filed by the Secured Creditor. A copy of this objection to claim, with attachments, is attached as **Exhibit A**.

6. The Secured Creditor submitted Opposition to the Debtors Motion on the 27th day of March, 2009. A copy of the Affirmation in Opposition, with attachments, is attached as **Exhibit B**.

7. Thereafter, on or about April 1, 2009, a hearing was held whereby the Court granted the motion of the Debtor.

8. On the 7th day of April, 2009, the Debtor issued a Notice of Settlement of the Proposed Order. A copy is attached hereto as **Exhibit C**.

9. On the 13th day of April, 2009, the Secured Creditor filed an Affirmation objecting to the proposed order. A copy of the Affirmation, with attachments, is attached hereto as **Exhibit D**.

10. On the 9th day of June, 2009, the Debtor filed a second Notice of Settlement of the Proposed Order. A copy of this Notice is attached hereto as **Exhibit E**.

11. On the 17th day of June, 2009, the Secured Creditor filed opposition to the Proposed Order. A copy of the opposition is attached as **Exhibit F**.

12. On the 24th day of June, 2009, the Debtor filed an affirmation in support of the notice of settlement. A copy of the affirmation is attached hereto as **Exhibit G**.

13. On the 10th day of July, 2009, the Secured Creditor filed additional papers in opposition to the Notice of Settlement. A copy of these papers is attached as **Exhibit H**.

14. On the 14th day of July, 2009, a hearing was conducted to settle the order regarding Debtor's objection to claim. On 16th day of July, 2009, this Court entered an Order wherein the Secured Creditor's claim was modified and reduced to $55,470.30. A copy of the Order is attached as **Exhibit I**.

## ARGUMENT

### POINT I

### THE MOTION TO RECONSIDER THE ORDER SHOULD BE GRANTED DUE TO THE OVERSIGHT OF CONTROLLING LAW AND FACTS AND TO PREVENT MANIFEST INJUSTICE.

15. Federal Rule of Civil Procedure 59(e) as incorporated by Federal Rule of Bankruptcy Procedure 9023 permits a party to move for reconsideration of an order within 10 days of its entry. *See* Memorandum of Law, p. 2. A Court may grant a motion to reconsider where the movant shows (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct a clear error; or (4) to prevent manifest injustice. *See* Memorandum of Law, p. 2.

16. A motion to reconsider should be granted where the Court overlooked controlling facts or law that were before it on the original motion. *See* Memorandum of Law, p. 3.

3

17. In the present case, the Court should grant the motion to reconsider because there was a clear oversight of controlling law and facts that would result in the Secured Creditor's claim being reinstated in its entirety.

### A. Caselaw places the initial burden of objecting on the Debtor.

18. In objecting to the Secured Creditor's Proof of Claim, the Debtor made a vague statement that she was objecting to the total amount due under the proof of claim, without offering any evidence to support her objections.

19. The Court overlooked well established case law that holds that a filed proof of claim is prima facie evidence of the claim's validity and amount. *See* Memorandum of Law, pp. 3-4.

20. The Court also overlooked the fact that the mere denial of a claim or its amount is insufficient. *See* Memorandum of Law, p.4. In the present case, the Debtor merely objected to the amount of the claim, and with the exception of the foreclosure fees and costs and property inspection and broker price opinion fees, did specifically object to any of the other fees listed in the proof of claim. Rather, Debtors sole argument was that the Proof of Claim amount differed from the Judgment of Foreclosure and Sale and that for that reason the claim should be disallowed. The Debtor offered no proof that the amounts set forth in the proof of claim were invalid or unjustified. Debtor did not submit proof of tax payments, proof of monthly mortgage payments, or any other evidence to show that the amounts were invalid. Thus, the Debtor failed to sustain her initial burden when objecting to the Proof of Claim. In granting the Debtor's objection to claim, the Court overlooked the fact that the Debtor has this initial burden and the burden does not shift except and until the initial burden is met.

21. Further, It was unclear what category of fees the Debtor was objecting to when she made the original objection to claim. Thus, the Court prematurely shifted the burden to Secured Creditor to defend the claim even though the Debtor never offered proof that she had paid certain fees of costs listed on the Proof of Claim, or that any of the charges within the Proof of Claim were otherwise invalid.

22. Rather, she merely stated that she objected to the total amount due because it was higher than the Judgment of Foreclosure and Sale. This reason in and of itself was not sufficient to challenge the prima facie validity of the Secured Creditor's claim.

23. The Proof of Claim clearly set forth all of the amounts used in calculating the total amount owing from the date of the original default up through the time of the bankruptcy filing. The Debtor's default occurred as of July 2007 and continued up through January 2009. As the Debtor failed to present evidence that any of these amounts were invalid, unjustified, or incorrect, the Debtor's vague objection should have been denied.

### B. The filing of Bankruptcy decelerated the Mortgage.

24. In rendering its decision, the Court ignored the controlling facts and law that the Judgment of Foreclosure and Sale is not dispositive of the amount owed by the Debtor. By filing for bankruptcy and proposing to cure the arrearages in the Chapter 13 plan, the Debtor chose to decelerate the loan and reinstitute the mortgage.

25. There is well established case law that stands for the proposition that the deceleration and reinstitution of a previously accelerated mortgage is inherent in the concept of cure as it is used in the Bankruptcy Code. *See* Memorandum of Law, pp.5-6. In order to cure a default, mortgagors must be able to decelerate the mortgage and reinstate the original payment

schedule. *See* Memorandum of Law, p.6. This means taking care of the triggering event and returning to pre-default conditions. *Id.*

3. Thus, in order to return to the original payment schedule and pre-default conditions, the Debtor must compensate the Secured Creditor for all past due monthly payments, interest, late fees, escrow shortage, property inspections, and broker's price opinion fees that have been incurred by the Secured Creditor. All of the outstanding monthly payments, interest, late fees, escrow shortage, property inspection fees, and broker price opinion fees are clearly set forth in the Secured Creditor's Proof of Claim.

4. With respect to the principal and interest owing on the account, it is important to note that the Judgment of Foreclosure and Sale was entered in July 2008, and thus, could only have included the unpaid principal balance and outstanding interest up through that time. The instant bankruptcy case was filed on or about the 8th day of January, 2009. Thus, five months passed between the entry of the Judgment of Foreclosure and Sale and the present bankruptcy case. By choosing to file for bankruptcy and decelerate the mortgage, the Debtor has entitled the Secured Creditor to recover interest, payments, and other charges incurred from the entry of the Judgment of Foreclosure and Sale up through the time of the bankruptcy filing.

5. The Court overlooked this controlling case law when it rendered its decision because the Court essentially struck from the claim the interest, payments and other fees incurred since the entry of the Judgment of Foreclosure and Sale.

6. The deceleration of the mortgage entitled the Secured Creditor to recover all fees due and owing regardless of the entry of the Judgment of Foreclosure and Sale. This includes the principal and interest dating back to the original date of default, late fees, and escrow shortage.

26. Additionally, the Judgment of Foreclosure and Sale permits the Secured Creditor to add into the Judgment any advances made by the Secured Creditor, whether or not the advances were made before or after the entry of the Judgment. *See* Exhibit B to Debtor's Motion Objecting to Claim, Judgment of Foreclosure and Sale, paragraph entitled "THIRD." As is pointed out in the Secured Creditor's Affirmation in Opposition to the Proposed Order, the Referee's report indicates that the only figures used in computing the amount owed in the Judgment of Foreclosure and Sale were the unpaid principal balance and outstanding interest. Therefore, the Secured Creditor was within its rights when it included the remaining amounts that were due and owing within the proof of claim. The Proof of Claim therefore included the principal and interest that was due up through the date of the Judgment of Foreclosure and Sale, the principal and interest due from July 2008 through the date of the bankruptcy filing in January 2009, all foreclosure fees, all foreclosure costs and disbursements, late charges, escrow shortage, property inspection fees, and broker price opinion fees.

27. Therefore, the Court erred when it overlooked this controlling caselaw as well as the factual evidence set before it in the proof of claim. Therefore, the Debtor's objection should have been denied.

### C. The proof submitted by the Secured Creditor justified the foreclosure costs and disbursements.

28. One of the two categories that the Debtor objected to specifically was the amount of foreclosure costs and disbursements that were listed in the Judgment of Foreclosure and Sale versus the amount listed in the Proof of Claim.

29. In reviewing the Debtor's account when responding to the objection to claim, the Secured Creditor determined that it had not included all fees incurred during the foreclosure, and amended the Proof of Claim accordingly. The Secured Creditor is claiming total foreclosure costs and disbursements in the amount of $4,252.26.

30. In defending the original motion objecting to the claim, the Secured Creditor adequately explained the underlying fees contained in this amount as well as the reason why it was permitted to assess these costs and disbursements.

31. In rendering its decision, the Court overlooked the fact that the Judgment included a provision awarding post-judgment fees and costs such as the referee's statutory fees, the expenses of the sale, and advertising expenses for the sale. See Judgment of Foreclosure and Sale attached as Exhibit B to Debtor's Motion objecting to the claim, paragraphs entitled "FIRST" and "SECOND," pages 3-4.

32. The FIRST paragraph expressly permits that the Referee shall be paid the statutory fees for conducting the sale not to exceed $500. Upon information and belief, the foreclosure sale was initially scheduled for September 24, 2008, but was cancelled due to bankruptcy filing that occurred on September 22, 2008, only two days prior to the scheduled foreclosure sale. Thereafter, the bankruptcy case was dismissed on November 13, 2008, and the property was referred back to foreclosure. A foreclosure sale date of January 9, 2009 was scheduled and published. Upon information, the foreclosure sale was cancelled due to the instant bankruptcy filing. Due to the timing of the filing in relation to the scheduled sale, the referee received compensation as if the sale had taken place.

33. Further, the SECOND paragraph expressly permits the Secured Creditor to recover "the expenses of the sale including posting and advertising." As previously noted, the

8

costs and disbursements differed from that listed in the Judgment of Foreclosure and Sale because the Proof of Claim included fees and costs that were incurred after the Judgment of Foreclosure and Sale was entered, and that were incurred as part of the expenses of the sale. The following costs for this sale were included in the Proof of Claim:

34. The Judgment of Foreclosure and Sale expressly permits the Secured Creditor to recover these fees and therefore, the fees were properly included within the Proof of Claim. In addition to listing the above charges, the Secured Creditor provided copies of all invoices showing that the fees and disbursements were charged to the Secured Creditor. *See* Exhibit A attached to the Affirmation of Natalie A. Grigg, Esq. dated March 27, 2009.

35. Thus, it is respectfully submitted that these costs were properly included in the Secured Creditor's claim should be allowed as filed. Based upon all of the foregoing, the Secured Creditor submits that its claim for Foreclosure Attorneys' Costs is consistent with the terms of the Judgment of Foreclosure and Sale and, accordingly the *Rooker-Feldman* doctrine and the doctrine of equitable estoppel and judicial estoppel did not provide the Debtor any legal basis for requesting that this Court reduce the Secured Creditor's Proof of Claim.

36. Therefore, it was error for the Court to strike these fees from the Proof of Claim.

### D. The proof submitted by the Secured Creditor justified the property inspection and broker price opinion fees.

37. The other fees that the Debtor objected to were the property inspection fees and broker price opinion fees. The Secured Creditor was able to adequately respond to the Debtor's objection regarding these fees. Despite providing proof to establish that the fees were justified, the Court erroneously overlooked the factual evidence and struck the fees. The Court also overlooked the fact that the Debtor provided no supporting caselaw to support her allegation that

the fees should be reduced to $25.00. The Debtor provided no justification or case law to support this argument. This allegation was nothing more than a bald allegation without any merit and is insufficient to defeat the Secured Creditor's Proof of Claim. Debtor gives neither the Secured Creditor nor the Court a basis as to why $25.00 is a more reasonable charge than the actual charges incurred by the Secured Creditor for property inspections.

38. In light of the apparent default in payments, the Secured Creditor exercised its rights under the Mortgage to ensure that the property was adequately protected and assessed. As such, the Secured Creditor is permitted by the terms of the Mortgage contract to incur fees for the inspection and assessment of the value of the Mortgaged Premises and also has a right to charge such fees to the Debtor/mortgagor.

39. The Court erred in striking these fees because the Secured Creditor is expressly permitted under the terms of the Mortgage contract to inspect the property and charge such fees to the Debtor.

40. Paragraph 7 of the mortgage directly permits the Secured Creditor to inspect the property. *See* **Exhibit D** attached to the Affirmation of Natalie A. Grigg, Esq. dated March 27, 2009. Additionally, paragraph 9 of the mortgage permits the Secured Creditor to inspect the property if the Debtor "(a) do[es] not keep [Debtor's] promises and agreements made in this Secured Instrument" or "(b) someone, including [Debtor], begins a legal proceeding that may significantly affect Lender's rights in the Property or rights under this Security Instrument (such as a legal proceeding in bankruptcy...)......and permits the Secured Creditor to take such actions "including but not limited to: (a) protecting and/or assessing the value of the Property; (b) securing or repairing the property..." Furthermore, paragraph 9 also states that the Debtor has agreed to pay the Lender the amount expended under this paragraph of the Mortgage.

41. Based on the foregoing, the Secured Creditor is permitted by the terms of the Mortgage contract to incur fees for the inspection and assessment of the value of the Mortgaged Premises and also has a right to charge such fees to the Debtor/mortgagor.

42. In striking these fees from the Proof of Claim, the Court is depriving the Secured Creditor from recovering fees that it is legally entitled to assess and recover, and that the Debtor agreed to pay when executing these documents. The Court, in turn, also is granting the Debtor the benefit of defaulting on the Note and Mortgage without being held accountable for the default.

43. Therefore, the Court erred in overlooking the factual evidence that was submitted in defense of these fees. As such, the Secured Creditor's claim for property inspection fees and Broker Price Opinion fees should be permitted to stand in their entirety.

## POINT II

### THE ORDER SHOULD BE RECONSIDERED BECAUSE THE SECURED CREDITOR HAS ESTABLISHED GOOD CAUSE PURSUANT TO 11 U.S.C. 502(J).

44. Federal Rule of Bankruptcy Procedure 3008 provides that a party in interest may move for reconsideration of an order allowing or disallowing a claim against an estate. *See* Memorandum of Law, p. 12. Rule 3008 implements Section 502(j) of the U.S. Bankruptcy Code, which provides that a claim that has been allowed or disallowed may be reconsidered for cause. *Id.*

45. A bankruptcy court has broad discretion to reconsider allowance or disallowance of proofs of claim under 11 U.S.C. 502(j) 'for cause. *Id.* If reconsideration is granted, the court may allow or disallow the claim according to the equities of the case. *Id.*

46. The instant motion is made within ten days of the entry of the order, and thus the controlling standard for cause is outlined in the Federal Rules of Civil Procedure 50(e). *See* Memorandum of Law, p. 12. In determining whether cause exists, the Court should consider whether it overlooked controlling decisions or factual matters and whether there is a need to correct a clear error or to prevent manifest injustice. *Id*.

47. In balancing the equities of this case, the facts demonstrate that the Secured Creditor would be highly prejudiced and suffer extreme injustice if its claim is not reinstated in its entirety. The record demonstrates that there was controlling law and factual evidence before the Court that was not taken into account when rendering its decision.

48. Further, if permitted to stand the Debtor will essentially be rewarded for defaulting on her obligations under the mortgage payment as she will not be required to pay back outstanding interest, late fees, escrow advances, and inspection fees that are owed to the Secured Creditor. The Secured Creditor has been damaged by the fact that it has had to expend money on inspecting the property and paying taxes all because the Debtor has not submitted her monthly mortgage payments since July 2007. Thus, to prevent such an injustice from occurring, it is necessary that the Court grant the instant motion to reconsider and reinstate the Secured Creditor's claim in its entirety.

**WHEREFORE**, it is respectfully requested that this Court grant the Secured Creditor's Motion to Reconsider and Reargue, reinstate the Secured Creditor's claim in its entirety, together with such other and further relief as this Court deems just, equitable and proper.

Dated: July 23, 2009
       Buffalo, New York

                                                  */s/ Natalie A. Grigg*
                                                  Natalie A. Grigg, Esq.